1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FREDERICK M. BOYD, JR.,

11               Petitioner,               No. CIV S-05-00988 ALA HC

12        vs.

13   MATTHEW KRAMER, Warden,

14               Respondent.[1]               <u>ORDER</u>

15   _____/

16        Petitioner Frederick M. Boyd, Jr., a state prisoner, filed an application for a writ of

17   habeas corpus under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §

18   2254(a), on January 12, 2005, in the Northen District of California.  This matter was transferred

19   to the Eastern District on May 18, 2005.  On March 18, 2008, Petitioner filed an amended

20   application for a writ of habeas corpus.  Petitioner alleges that his federal constitutional rights

21   were violated.

22        Respondent, Matthew Kramer, the Warden of Folsom State Prison, filed a motion to

23   _____

24        [1]The named respondent in this case was Mike Knowles.  However, Matthew Kramer is
     the current Warden of Folsom State Prison, and not Mike Knowles.  Respondent requests that
     this Court substitute Matthew Kramer as Respondent in this matter.  The Court grants
25   Respondent's request.  *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)
     (holding that the proper respondent in a federal habeas corpus petition is the petitioner's
26   "immediate custodian").

1

dismiss Petitioner's application on May 4, 2007.  Respondent maintains that Petitioner's application was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In his response in opposition to the motion to dismiss, Petitioner maintains that the one-year statute of limitations was statutorily tolled by properly filed petitions in state court.  He also contends his application was timely because he is entitled to equitable tolling of the limitations statute.  As set forth below, this Court concludes that Petitioner's amended application must be dismissed because the statute of limitations ran on January 18, 2004, almost one year before the instant petition was filed.

Petitioner also filed two motions, one on May 9, 2007 (Doc. 22) and the other one on November 28, 2007 (Doc. 27), to stay and hold in abeyance his federal petition while he exhausted state remedies.  On March 17, 2008, he requested the Court to issue an order withdrawing these motions (Doc. 33).  His request is granted.

**I**

**A**

On June 27, 2000, Petitioner was convicted of grand theft, robbery, and second degree burglary in the Sacramento County Superior Court.  Petitioner was sentenced to a determinate state prison term of nineteen years, four months.  He filed a direct appeal in the California Court of Appeal for the Third Appellate District.  The Court of Appeal affirmed the judgement on October 19, 2001.

Petitioner filed a petition for review in the California Supreme Court.  That court denied review on January 3, 2002.  He did not file a petition for certiorari in the United States Supreme Court to seek review of the denial of his direct appeal by the California Supreme Court.  Thus, the decision of the California Supreme Court became final on April 3, 2002.  *See Bowen v. Ro*e, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that petitioner has one year after the ninety-day direct review period ends to file a federal writ of habeas corpus under 28 U.S.C. § 2244(d)(2)). ///

**B**

Petitioner filed several petitions for habeas corpus relief in state court.

**1**

Petitioner filed a petition for a writ of habeas corpus on January 8, 2002, in the Sacramento County Superior Court.  Petitioner argued that his due process rights were violated because of the ineffective assistance of counsel.  The petition was denied on February 7, 2002.

**2**

On September 30, 2002, Petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court.  Petitioner argued that the trial court erred in admitting inconsistent testimony from eyewitnesses.  The petition was denied on October 25, 2002.

**3**

On January 18, 2003, under the "mailbox rule,"[2] Petitioner filed a third petition for a writ of habeas corpus in the Sacramento County Superior Court.  Petitioner argued that the trial court abused its discretion in failing "to strike prior convictions."  The petition was denied on February 3, 2003.

**4**

On March 25, 2003, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  Petitioner argued that his due process rights were violated because the pretrial photographic array in which witnesses identified him was "impermissibly suggestive."  The petition was denied on March 27, 2003.

///

---

[2]The third petition was filed on January 28, 2003, but the proof of service is dated January 18, 2003.  Federal and state habeas corpus petitions are "deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court."  This is referred to as the "mailbox rule."  *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000), *amended* May 23, 2001, *overruled on other grounds by Carey v. Saffold*, 536 U.S. 181, 226 (2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also* Fed. R. App. Proc. 25(a)(2)(C) (codifying the mailbox rule).  Thus, under the mailbox rule, the third petition was deemed filed on January 18, 2003.

**5**

Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on April 5, 2003.[3]  Petitioner again argued that his due process rights were violated because the pretrial photographic array in which witnesses identified him was "impermissibly suggestive." On December 23, 2003, the petition was denied.

**6**

On March 10, 2005, Petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court.[4]  He argued that his due process rights were violated because the Public Defender's Office failed to provide him with legal work product in his case. The petition was denied on April 25, 2005.

**II**

**A**

AEDPA applies to this matter because the application for a writ of habeas corpus pursuant to § 2254(a) was filed after April 26, 1996, the date the statute was enacted.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997).

The limitation provisions of AEDPA that apply to this matter read as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)A).

---

[3]This petition was filed on May 7, 2003, but the proof of service is dated April 5, 2003. Therefore, under the mailbox rule, the Court will deem the petition filed on April 5, 2003. *Saffold,* 250 F.3d at 1268.

[4]This petition is signed and dated March 10, 2005.  Although it is not accompanied with a signed proof of service, the Court will deem the petition filed on that date.  *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (explaining that when a *pro se* prisoner "signed his federal habeas petition on April 7, 1998 . . . his filing date could have been as early as then.").

Section 2244(d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words: "The time during which a *properly filed* application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

As noted above, Petitioner filed the instant petitioner for habeas corpus relief on January 12, 2005, and the statute of limitations began to run on April 3, 2002, ninety days after the California Supreme Court dismissed his petition for review. Therefore, under AEDPA, the last day for Petitioner to file his § 2254(a) application was April 3, 2003, plus any additional time that is applicable because of the statutory tolling provision. Petitioner filed a number of applications for state post-conviction review. Accordingly, this Court must engage in a mathematical computation to determine whether the one-year limitation was complied with, after excluding the time that elapsed in presenting *properly* filed post-conviction petitions in state courts.

**1**

Petitioner's first state action was filed on February 7, 2002. This was almost two months before April 3, 2002, the date the limitations period began to run. Therefore, Petitioner is not entitled to tolling for the period during which his first state action was pending. *See, e.g., Hill v. Keane,* 984 F. Supp. 157, 159 (E.D.N.Y. 1997) (holding that a collateral action filed prior to the effective date of the statute of limitations "cannot serve to extend the limit") *abrogated on other grounds*, *Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999).

**2**

Petitioner filed his second petition for habeas corpus relief on September 30, 2002, in the same court in which he filed his first petition. The statute of limitations is tolled for the exhaustion of state court post-conviction remedies during intervals between disposition of a petition in a lower court and the filing of a subsequent petition for relief at the next state

appellate level. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Because his first and second petitions for habeas corpus relief were both filed in the Sacramento County Superior Court, Petitioner does not qualify for interval tolling for the time that elapsed between the denial of his first state action and the filing of the second state action. Therefore, as of September 30, 2002, 179 days of the one-year period had expired.

There is no dispute that Petitioner is entitled to tolling for the pendency of the petition for a writ of habeas corpus that he filed on September 30, 2002. Therefore, the one-year limitation period was tolled for 25 days between September 30, 2002 (the date the petition was filed), and October 25, 2002 (the date the petition was denied).

**3**

Petitioner was not ascending up the state court hierarchy as required by *Nino* when he filed both his second and third petitions in the Sacramento County Superior Court. *Nino*, 183 F.3d. at 1007. Consequently, Petitioner does not qualify for interval tolling between the denial of the petition for a writ of habeas corpus he filed on October 25, 2002, and the filing of his subsequent petition on January 18, 2003. Accordingly, an additional 84 days of the statute ran before the third state petition was filed. Thus, at that point, 263 days of the of the one-year period had expired.

Petitioner was also not entitled to tolling for the 15 day period between the date his third petition was filed on January 18, 2003, and the date it was denied on February 3, 2003. Citing *In re Clark*, 5 Cal. 4th 750, 774-75 (1993), the Sacramento County Superior Court denied his third petition on the grounds that it was "both successive and untimely" and noted that it was "an abuse of the writ process" to file successive applications in superior court. A state's "time limits, no matter their form, are 'filing' conditions.*" Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005). If a state court denies a petition as untimely, none of the time before or during the court's consideration of that period is statutorily tolled. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court has rejected a petition for a writ of habeas corpus as untimely, "that [is] the end of the

1   matter." *Pace*, 544 U.S. at 414.

2          Petitioner filed a writ for habeas corpus in the California Court of Appeal on March 25,

3   2003. Because his third state petition was improperly filed in the Sacramento County Superior

4   Court, he is not entitled to tolling of the 66 day period between January 18, 2003, when he

5   improperly filed his third petition, and March 25, 2003, the date he filed his petition for writ of

6   habeas corpus in the California Court of Appeal. Therefore, a total of 329 days of the one-year

7   period had expired as of March 25, 2003.

8                                              **4**

9          The California Court of Appeal summarily denied the petition filed on March 25, 2003,

10  without comment or citation on March 27, 2003. In the absence of an indication by a state court

11  regarding the basis for its ruling, "the federal court must decide whether the filing of the request

12  for state-court appellate review (in state collateral review proceedings) was made within what

13  California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 198 (2006). The

14  Supreme Court noted that:

15                  We have found no authority suggesting, nor found any convincing
                    reason to believe, that California would consider an unjustified or
16                  unexplained 6-month filing delay "reasonable." Nor do we see
                    how an unexplained delay of this magnitude could fall within the
17                  scope of the federal statutory word "pending" . . . .
     *Id.* at 854.

18         Here, Petitioner waited 410 days[5] to file his first petition for habeas corpus relief in the

19  California Court of Appeal. Because this delay was over double the norm for the time to seek

20  review of an adverse trial court decision, this Court concludes that the delay of 410 days was not

21  "reasonable" under California law, and the petition was not "properly filed" under § 2244(d)(2).

22         Therefore, Petitioner is not entitled to tolling during the pendency of his petition filed in

23

24          [5]The 410 day period represents the time between February 7, 2002, the date the
    Sacramento County Superior Court denied his first petition, and March 25, 2003, the date he
25  filed his petition for writ of habeas corpus in the California Court of Appeal. The 410 day period
    is only relevant to the question of whether Petitioner filed his petition with the California Court
26  of Appeal within a reasonable time, and, thus whether it was properly filed.

the California Court of Appeal, which was filed on March 25, 2003, and denied on March 27, 2003.  Thus, an additional three days of the statute ran during this time.  Therefore, a total of 332 days of the one-year period had expired as of March 27, 2003.

**5**

Because his petition for writ of habeas corpus was not properly filed in the California Court of Appeal, Petitioner is not entitled to interval tolling between the denial of his improperly filed petition on March 27, 2003, and the filing of his petition for writ of habeas corpus on April 5, 2003, in the California Supreme Court.  *Pace*, 544 U.S. at 414.  Thus, an additional 8 days of the statute of limitations expired.  Therefore, 340 days of the one-year period had expired as of April 5, 2003.  Petitioner is entitled to tolling for the 262 day period between April 5, 2003, the date that his petition was filed in the California Supreme Court, and December 23, 2003, the date that Court denied his petition.  *Id.* at 408.

**6**

Petitioner filed a petition for habeas corpus relief in Sacramento County Superior Court on March 10, 2005.  In this petition, he made a new argument which he had not raised in his prior state petitions.  The time that elapses between the conclusion of a first series of habeas corpus petitions that proceed up the state court hierarchy and the beginning of a second series of habeas corpus petitions does not toll the statute of limitations.  *See, e.g., Hizbullahankhamon v. Walker*, 255 F.3d 65, 71-72 (2d Cir. 2001) (disallowing tolling between separate series of collateral review).  Thus, Petitioner is not entitled to tolling for the 442 day period between the date the California Supreme Court denied his petition on December 23, 2003, and the date he filed the petition in the Sacramento County Superior Court on March 10, 2005.

**7**

In sum, between the period of April 3, 2002, when the statute of limitations commenced, and the date he filed his application for a writ of habeas corpus in federal court on January 12, 2005, the time was tolled for two properly filed petitions as follows:

- 25 days were tolled during the time that elapsed between September 30, 2002, when he filed his petition for habeas corpus relief in the Sacramento County Superior Court, and October 25, 2002, when that court denied his petition; and

- 262 days were tolled during the time that elapsed between April 5, 2003, when he filed his petition for a writ of habeas corpus in the California Supreme Court, and December 23, 2003, when the Court denied his petition.

The time that the statute ran is calculated as follows:

- 179 days ran between April 3, 2002, when the statute of limitations commenced, and September 30, 2002, when he filed a petition in the Sacramento County Superior Court;

- 84 days ran between October 25, 2002, when the Sacramento County Superior Court denied his petition, and January 18, 2003, when he improperly filed a petition in the same court;

- 66 days ran between January 18, 2003, and March 25, 2003, when he improperly filed a petition in the California Court of Appeal;

- 3 days ran between March 25, 2003, and March 27, 2003, when the California Court of Appeal denied his improperly filed petition; and

- 8 days ran between March 27, 2003, and April 5, 2003, when he filed his petition with the California Supreme Court.

Thus, as of December 23, 2003, the date the California Supreme Court denied his petition, a total of 340 days of the one-year period had expired.[6]  The statute of limitations, therefore, ran 25 days later, on January 18, 2004.[7]  Petitioner did not file his § 2254(a) petition in federal court

---

[6]As noted in section II.A.6, Petitioner is not entitled to tolling between his petition that the California Supreme Court denied on December 23, 2003, and the petition that he filed in the Sacramento County Superior Court on March 10, 2005.

[7]Petitioner filed five additional petitions in state court for a writ of habeas corpus. Because all of these petitions were filed after that statute of limitations ran on January 18, 2004,

1   until January 12, 2005, almost one year late.[8]  It is, therefore, time-barred.

2                                                    **B**

3          Petitioner contends that he is entitled to equitable tolling of the one-year statute of

4   limitations during the time he filed for collateral review in the state court system for two reasons.

5                                                    **1**

6          First, it appears that Petitioner argues that he is entitled to equitable tolling for the

7   pendency of all of his state petitions for a writ of habeas corpus because, on February 7, 2002,

8   the Sacramento County Superior Court denied his first petition on the grounds that he failed to

9   "set forth with particularity any facts that show . . . a [habeas corpus] violation."  *Citing In Re*

10  *Swain*, 34 Cal. 2d 300, 303-04 (1949) (holding that in a petition for a writ of habeas corpus the

11  defendant is required to "allege with particularity the facts upon which he would have a final

12  judgment overturned," and that "vague, conclusionary allegations . . . are insufficient to warrant

13  issuance of the writ ").

14         Petitioner relies on *Gatson v. Palmer*, 417 F.3d 1030 (9th Cir. 2005), for the proposition

15  that "equitable tolling is applicable because petitioner's first habeas application was denied with

16  citation to *Swain.*"  However, that proposition is wrong.  *Gatson* does not hold that a petitioner is

17  entitled to equitable tolling because the state court relied on *Swain.*  Rather, in *Gatson,* the court

18  explains that *Swain* is relevant to the question of whether a petition was properly filed for

19  purposes of statutory tolling.  *See Gatson*, 417 F.3d at 1039 (explaining that "[i]n light of its

20  citations to *Swain* . . . we read the California Supreme Court's denial of Gaston's sixth habeas

21  application as, in effect, the grant of a demurrer" which was "properly filed" for purpose of

22  _____

23  it is unnecessary to address any tolling issues related to these subsequently filed state petitions.

24         [8]Petitioner filed an amended petition for a writ of habeas corpus on March 18, 2008.
25  Under Rule 15(a) of the Federal Rules of Civil Procedure, Petitioner is entitled to amend his
    petition once as a matter of course.  *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000)
    (applying Rule 15(a) to habeas corpus petitions).  However, because the amended petition was
26  filed after the one-year statute of limitations had expired, it is also statutorily time-barred.

1  statutorily tolling time for filing a federal habeas application).  Thus, *Gatson's* analysis of *Swain*

2  does not concern the issue of equitable tolling.

**2**

4  Second, it appears that Petitioner argues that his inability to access the prison library for

5  30 days during fence construction constituted "extraordinary circumstances" such that equitable

6  tolling should apply.  A petitioner is entitled to equitable tolling of AEDPA's limitations period

7  "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a

8  petition on time . . . . When external forces, rather than a petitioner's lack of diligence, account

9  for the failure to file a timely claim, equitable tolling of the statute of limitations may be

10  appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal citations omitted).

11  These extraordinary circumstances must be "the cause of [the] untimeliness." *Spitsyn v. Moore*,

12  345 F.3d 796, 799 (9th Cir. 2003).  Slight delays in access to the prison library is not a ground

13  for equitable tolling.  *See United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997)

14  (holding that the inability to secure copies of transcripts from court reporters and lockdowns at

15  prison lasting over one week and allegedly eliminating access to law library were not

16  extraordinary circumstances and did not equitably toll the one-year statute of limitations).

17  "Prisoners familiar with the routine restrictions of prison life must take such matters into account

18  when calculating when to file a federal [habeas] petition . . . Petitioner's alleged lack of legal

19  sophistication also does not excuse the delay." *Atkins v. Harris*, 1999 WL 13719, *2 (N.D. Cal.

20  Jan. 7, 1999) (reasoning that "lockdowns, restricted library access and transfers do not constitute

21  extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.").

22  The 30 day period that Petitioner was denied access to the prison library was insignificant

23  and only a slight delay in light of the fact that he filed his federal habeas petition almost one year

24  after the statute of limitations had run. *See Van Poyck*, 980 F. Supp. at 1111 ("Defendant has not

25  stated why a few security lockdowns in his place of incarceration over the last few months have

26  'made it impossible for him to file [his] petition on time.'") (citation omitted).  Thus, Petitioner

1   has failed to demonstrate that extraordinary circumstances interfered with his ability to comply

2   with the one-year statute of limitations.  Because Petitioner has failed to show that he is entitled

3   to equitable tolling, his application for a writ of habeas corpus must be dismissed.

4   ///

5         Good cause appearing therefore, IT IS HEREBY ORDERED that:

6         1.  Petitioner's request to withdraw his May 9, 2007, motion to stay is granted;

7         2.  Petitioner's request to withdraw his November 28, 2007, motion to stay is granted;

8         3.  Respondent's motion to dismiss Petitioner's application for writ of habeas corpus filed

9   on May 4, 2007, is granted, and the amended application for a writ of habeas corpus filed on

10  March 18, 2008, is dismissed because it was untimely filed.

11  ////

12  DATED: March 20, 2008

13  ////

14                    /s/ Arthur Alarcón
                      UNITED STATES CIRCUIT JUDGE
15                    Sitting by Designation

16

17

18

19

20

21

22

23

24

25

26